# Varghese & Associates, P.C.
2 Wall Street
New York, NY 10005
(212) 430-6469
www.vargheselaw.com

November 20, 2025

VIA ECF
The Honorable Ann M. Donnelly
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:  *Sentencing Adjournment Request*
  United States v. Mohamed Hassan, 22 Cr. 464 (AMD)

Dear Judge Donnelly:

The defense respectfully requests that the Court hold Mr. Hassan's sentencing, currently scheduled for December 4, 2025, in abeyance until after the Court issues a decision on his pending Rule 29 & 33 motions (ECF No. 396 and 397). The government will only consent to an extension of two weeks. There is good cause here, however, for the Court to hold Mr. Hassan's sentence in abeyance because more time is necessary for the fair and careful resolution of the pending motions. Furthermore, the breadth and seriousness of the issues presented in his Rule 29 and Rule 33 motions, pending since July, both necessitate a delay in sentencing and provide good cause for vacating the current sentencing schedule. And a sentencing abeyance best serves the principle of judicial economy.

Rule 32 of the Federal Rules of Criminal Procedure provides that a court "must impose sentence without unnecessary delay," but that a court "may, for good cause, change any time limits prescribed by this rule." Fed. R. Crim. P. 32(b)(1), (2). Here, the Court should find that "more time is necessary for the fair and careful resolution of the pending motions." *See e.g.*, United States v. Sutton, 2023 U.S. Dist. LEXIS 213938, 2023 WL 8354926 (D.D.C. 2023, Friedman, J.).

"[T]he breadth and seriousness of the issues presented in the Rule 29, Rule 33…motions" in Mr. Hassan's post-trial motions "both necessitate a delay in sentencing and provide good cause for vacating the current sentencing schedule." *Id* at *5. As Judge Paul L. Friedman held the defendant's sentencing in abeyance in Sutton, the Court should so here.

Moreover, without the Court's motions' decisions, requiring the parties to work on Mr. Hassan's sentencing is a waste of the Court's and parties' time and resources. As in Sutton, due to the breadth and seriousness of the pending motions, here, the principle of judicial economy is best served by holding the sentencing in abeyance.

Furthermore, it's unduly burdensome both financially and emotionally for Mr. Hassan to prepare for a sentencing hearing which may become moot depending on the Court's post-trial motions rulings. The potential for Mr. Hassan's case to see a new trial at the least is clear because the government conceded that it misstated the evidence in summation. *See* ECF No. 422 at 6.

As summarized in his reply, Mr. Hassan noted the following:

1. the government made summation arguments for which it had <u>no</u> evidence;
2. in its response, the government *ignored* counsel's argument that it misstated the evidence in summation;
3. in its response, the government *again* misstated the evidence when it claimed that Mr. Hassan personally filled Linden Medical prescriptions for more than 50 people;
4. the government's misstatement of the evidence led to a conviction it did <u>not</u> deserve, resulting in a manifest injustice;
5. the government misstated the law regarding the conscious avoidance instruction; and
6. the government *also* misstated the law regarding Rule 404(b).

Mr. Hassan's Reply, ECF No. 422 at i.

Pursuant to the Court's Individual Practices and Rules 2 (E), Mr. Hassan summarizes the schedule set forth by the Court after Probation requested an adjournment of sentencing on September 24, 2025: PSR on October 30, 2025; Mr. Hassan's PSR objections by November 18, 2025; Mr. Hassan's sentencing submission on November 20, 2025; government's sentencing submission by November 27, 2025; and Mr. Hassan's sentencing on December 4, 2025. As Mr. Hassan made a request in May to extend sentencing because of the Rule 29 & 33 motions (ECF No. 400), this constitutes Mr. Hassan's second request for an enlargement of time.

Notably, Probation disclosed its 51-page PSR and sentencing recommendation to the parties on November 4, 2025—<u>after</u> the Court's deadline above. The PSR contains extensive financial information which requires thorough review. Accordingly, counsel needs additional time to review the PSR for potential objections and to incorporate its contents into Mr. Hassan's sentencing submission, <u>but</u> <u>only</u> if it becomes necessary to do so.

A two-week extension would be insufficient given the complexity of the PSR, and more importantly, due to the breadth and seriousness of the pending Rules 29 and 33 motions. To effectively defend Mr. Hassan and for the sake of judicial economy, the Court should hold Mr. Hassan's sentencing in abeyance. Mr. Hassan thanks the Court for consideration of this request.

                Respectfully Submitted,
                Varghese & Associates, P.C.
                    /s
      By:    Vinoo P. Varghese
                Stephen Chahn Lee (of counsel)
                Dennis J. Ring (of counsel)
                *Counsel for Mr. Mohamed Hassan*

cc:     Government via ECF; Probation & Pretrial via Email