

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

LZ/VAZ/GMR
F. #2021R00592

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

November 20, 2025

By ECF

The Honorable Ann M. Donnelly
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: United States v. Mohamed Hassan
Criminal No. 22-464 (S-1) (AMD)

Dear Judge Donnelly:

The government respectfully submits this letter in opposition to the defendant Mohamed Hassan's eleventh-hour request for a sine die adjournment of his sentencing hearing in the above-referenced matter.

The defendant was convicted by jury trial on February 12, 2025, and a sentencing hearing was initially scheduled for July 22, 2025. See Minute Entry (Feb. 12, 2025). On May 20, 2025, the defendant submitted a motion to continue sentencing, which the Court granted, and the sentencing hearing was rescheduled for October 22, 2025. See ECF No. 400, Order (May 22, 2025). On September 24, 2025, the sentencing hearing was again rescheduled, this time at the request of the Probation Department, to December 4, 2025. On November 11, 2025, defense counsel asked the government by email to agree to a 60-day extension of all deadlines, stating, in substance, that counsel had not yet begin to prepare for the sentencing hearing and did not intend to proceed with sentencing without first obtaining a ruling on the pending defense motion for a judgment of acquittal or for a new trial under Federal Rules of Criminal Procedure 29 and 33. Now, on the date that his sentencing submission is due, the defendant seeks an adjournment sine die. The government objects to an adjournment sine die but does not object to a short adjournment of approximately two weeks, given the delayed disclosure date of the Presentence Investigation Report.

Rule 32 requires that the Court impose sentence "without unnecessary delay." In this case, the sentencing hearing has already been adjourned multiple times, and the defendant was convicted more than nine months ago. While the Court may adjourn the sentencing hearing "for good cause," Fed. R. Crim. P. 32(b)(2), the fact that there are pending post-trial motions provides no basis to justify any adjournment.

The defendant's citation to a single out-of-circuit opinion (cited by no other district court) offers him no help. The district court there did not grapple with the good-cause standard set forth in the Second Circuit and explained that the defendants had filed seven different post-trial motions under no fewer than five different Rules of Criminal Procedure. See United States v. Sutton, No. 21-CR-598 (PLF), 2023 WL 8354926, at *1 (D.D.C. Dec. 1, 2023); see also United States v. Sutton, No. 21-CR-598 (PLC) (D.D.C.) (ECF Nos. 412, 441-42, 445, 447, 484, 484). Moreover, the case was far more complex than the instant matter: trial in Sutton lasted nine weeks, and the jury heard from approximately 35 witnesses, leading to an eventual opinion on the post-trial motions that was 98-pages in length. See United States v. Sutton, No. 21-CR-598 (PLC) (D.D.C.) (ECF No. 526, at 1, 5, 7, 10). This case is not Sutton.[1] The defendant's challenges to the sufficiency of the evidence and the Court's legal rulings pale in comparison to Sutton's complex fact pattern and unique legal issues.[2]

Other than Sutton, the defendant cites no caselaw—and the government is aware of none—suggesting that pending post-trial motions provide good cause for adjourning a sentencing hearing. Indeed, judges in this Circuit—including this Court (in criminal cases far more complex than this one)—routinely decide post-trial motions shortly before sentencing. See, e.g., United States v. Combs, No. 24-CR-542 (AS) (S.D.N.Y.) (denial of post-trial motion three days before defendant's sentencing); United States v. Kelly, No. 19-CR-286 (AMD) (E.D.N.Y.) (denial of post-trial motions on day of defendant's sentencing), aff'd, 128 F.4th 287 (2d Cir. 2025); see also United States v. Albert, No. 20-CR-64 (AMD) (E.D.N.Y.) (denial of post-trial motions filed on day of defendant's sentencing).

The government acknowledges that the defendant is entitled to have the Presentence Investigation Report ("PSR") for a minimum of 35 days before sentencing. See Fed. R. Crim. P. 32(e)(2). Because the PSR was provided to the parties on November 4, 2025, the government does not object to a short adjournment of approximately two weeks to ensure that the defendant has sufficient time to continue to review the PSR and prepare for the sentencing hearing.

An adjournment sine die, however—or even the 60-day adjournment initially suggested to the government—is uncalled for. Moreover, the deadline to respond to the PSR has come and gone, and the defendant has not filed objections to the PSR. While the defendant asserts that one of the reasons he needs an adjournment of the PSR is "to review the PSR for potential objections," the defendant already missed the deadline for responding to the PSR, and has asserted neither good cause nor prejudice justifying an extension of the deadline. See United States v. Moore, 541 F. App'x 37, 39 (2d Cir. 2013) (good cause requires a showing of cause for the defendant's non-compliance and actual prejudice arising from the waiver). Nevertheless, if the Court grants a short adjournment of the sentencing hearing to account for the late-disclosure

[1] While the government has no intention of relitigating the matters raised in the defendant's Rule 29 and Rule 33 motions in the present letter, the government denies the defendant's misleading claim that "the government conceded that it misstated the evidence in its summation." See Def. Mot. at 2. The government did not misstate evidence during its summation and has never conceded any such thing.

of the PSR, the government would not object to an extension of the defendant's time to object to the PSR of two weeks, until December 2, 2025.

For the foregoing reasons, the government respectfully requests that the Court adjourn the sentencing hearing until December 19, 2025, and direct the parties to prepare for the upcoming sentencing hearing, pending motions notwithstanding.

Very truly yours,

JOSEPH NOCELLA, JR.,
United States Attorney

By: /s/ Laura Zuckerwise
Laura Zuckerwise
Victor Zapana
Gilbert M. Rein
Assistant U.S. Attorneys
(718) 254-7000

cc: Clerk of Court (AMD) (by ECF)
Defense Counsel (by Email)